IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CRYSTAL AVALOS<br>8900 Manchester Road, Apt. 303<br>Silver Spring, Maryland 20901 | * |
| | * |
| | * |
| | * |
| And | * |
| | * |
| EDWARD BROSEKER<br>8811 Colesville Road, Apt. 320<br>Silver Spring, Maryland 20910 | * |
| | * |
| | * |
| | * |
| And | * |
| | * |
| BIANCA MALDONADO<br>800 Quince Orchard Boulevard, Apt. 101<br>Gaithersburg, Maryland 20878 | * |
| | * |
| | * |
| | * |
| ***INDIVIDUALLY AND ON<br>BEHALF OF ALL OTHERS<br>SIMILARLY SITUATED*** | * |
| | * |
| | * |
| PLAINTIFFS, | * |
| | * |
| v. | *   Case No.: |
| | * |
| MOOREHEAD COMMUNICATIONS, INC.<br>D/B/A CELLULAR CONNECTION<br>2509 West 2nd Street<br>Marion, Indiana 46952 | * |
| | * |
| | * |
| | * |
| | * |
| SERVE:  Resident Agent<br>Judy Brown<br>719 Maiden Choice, #BR615<br>Catonsville, Maryland 21228 | * |
| | * |
| | * |
| | * |
| | * |
| DEFENDANT. | * |

*********************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Crystal Avalos ("Avalos"), Edward Broseker ("Broseker"), and Bianca

Maldonado ("Maldonado") (collectively, "Plaintiffs"), by and through undersigned

counsel, on behalf of themselves and all others similarly situated, hereby file their

Collective Action Complaint against Moorehead Communications, Inc. d/b/a Cellular Connection ("Moorehead") ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter, "MWHL").

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claim under 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b).

2.      Venue is proper in this district under 28 U.S.C. §1391(b), as a substantial portion of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

3.      Plaintiffs are adult individuals residing in the State Maryland.  By acting as the named Plaintiffs in this action, Plaintiffs hereby affirm their consent to participate as plaintiffs in a collective action under the FLSA.

4.      Moorehead is a foreign corporation, organized and existing under the laws of the State of Indiana, which is licensed to do business in the State of Maryland, with a principal place of business at 2509 West 2nd Street Marion, Indiana 46952.

5.      During the relevant time period, Moorehead has operated approximately twenty (20) or more stores in Maryland.

6.      Upon information and belief, Moorehead is an enterprise engaged in commerce or in the production of goods for commerce.  Moorehead is engaged in

commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, furniture and computers.

## COLLECTIVE ACTION ALLEGATIONS

7.      Under 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons Defendant has employed and continues to employ as "Sales Associates" and "Store Managers" at any of Defendant's Maryland Cellular Connection stores at any time since March 2011 to the entry of judgment in this case (the "Collective Action Period").

8.      Defendant's "Sales Associates" and "Store Managers" were non-exempt employees within the meaning of the FLSA and MWHL.

9.      Defendant's "Sales Associates" and "Store Managers" were not paid overtime compensation at rates not less than one and one-half (1½) times the regular rate of pay for hours worked in excess of forty (40) per workweek (the "Collective Action Members").

10.      The number of Collective Action Members is so numerous that joinder of all members is impracticable.

11.      Although the precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within the sole control of the Defendant, upon information and belief, approximately one hundred fifty (150) Collective Action Members exist during the Collective Action Period, most of whom

would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

12.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that are experienced and competent in the fields of employment law and collective and class action litigation.

13.     Plaintiffs have no interest that is contrary to or in conflict with that of the Collective Action Members.

14.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  No difficulty exists in the management of this action as a collective action.

15.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Collective Action Members.  Among the questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a.     whether Plaintiffs employed the Collective Action Members within the meaning of the FLSA;

    b.     whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40)

hours per workweek, violating the FLSA and the regulations promulgated thereunder;

c.    whether Defendant misclassified the "Sales Associate" Collective Action Members as exempt from overtime;

d.    where Defendant misclassified the "Store Manager" Collective Action Members as exempt from overtime;

e.    whether Defendant can meet its burden of demonstrating an objective "good faith" excuse for its failure to pay the Collective Action Members at the FLSA overtime rate.

f.    whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

g.    whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory and statutory damages, interest, costs and disbursements, and reasonable attorneys' fees.

## STATEMENT OF FACTS

16.    At all relevant times, upon information and belief, Defendant has owned and operated approximately twenty (20) or more wireless communication and cellular telephone stores in the State of Maryland known as "Cellular Connection."

17.    Avalos was employed by Defendant as a "Sales Associate" at its Wheaton, Maryland Cellular Connection store location from about December 12, 2009 through about January 2013.

18.     Avalos was employed by Defendant as a "Store Manager" at its Wheaton, Maryland Cellular Connection store location from about February 2013 through about July 2013.

19.     Broseker was employed by Defendant as a "Sales Associate" at its Wheaton, Maryland Cellular Connection store from about December 2010 through about June 2011 and again from about February 2012 through about June 2013.

20.     Broseker was employed by Defendant as a "Store Manager" at its Pasadena, Maryland Cellular Connection store from about July 2011 through about January 2012.

21.     Maldonado was employed by Defendant as a "Sales Associate" at is Frederick, Maryland and Germantown, Maryland Cellular Connection stores from about April 2013 through about May 2013.

22.     Maldonado was employed by Defendant as a "Sales Associate" at its Wheaton, Maryland Cellular Connection store from about May 2013 through about October 2013.

24.     During the Collective Action Period, each Moorehead Store in Maryland has had several employees in the position of "Sales Associate."

25.     During the Collective Action Period, each Moorehead Store in Maryland has had at least one employee in the position of "Store Manager."

26.     As a "Sales Associate" and a "Store Manager" Plaintiffs did not have the authority or discretion to negotiate prices outside the strict guidelines and limitations set by Moorehead.

27.    As a "Sales Associate" and "Store Manger" Plaintiff did not have the authority, without the direct approval and intervention of the Regional Manager and other higher level managerial employees, to hire or fire employees and recommendations on hiring or firing decisions were not always followed and were not given substantial weight.

28.    "Sales Associates" and "Store Managers" at every Cellular Connection store were afforded no independent discretion, have no job duties that direct or significantly affect Defendant's business operations, and are required to strictly follow Defendant's policies and procedures which detail how they are to perform their duties.

29.    "Sales Associates" and "Store Managers" at every Cellular Connection store perform substantially the same primary duties, regardless of at which store location in Maryland they worked.

30.    The exact number of hours Plaintiffs worked varied slightly each workweek.

31.    Plaintiffs and the Collective Action Members regularly worked in excess of forty (40) hours per workweek.

32.    Plaintiffs and the Collective Action Members regularly worked in excess of forty-five (45) hours per week.

33.    Defendant did not pay Plaintiff and the Collective Action Members at an "hourly" rate.

34.    During the Collective Action Period, Plaintiffs and the Collective Action Members were paid a fixed weekly salary regardless of the hours worked.

35.     During the Collective Action Period, Plaintiffs and the Collective Action Members were also paid a bonus or incentive pay in addition to their weekly salary for individual or team sales procured at Defendant's Cellular Connection Stores.

36.     During the Collective Action Period, Plaintiffs and the Collective Action Members received the large majority of their compensation from their flat salary and not from addition bonuses or incentive compensation received from sales procured at Defendant's Cellular Connection Stores.

37.     In many weeks during the Collective Action Period, Plaintiffs and the Collective Action Members received weekly compensation that calculates to less than the equivalent of $10.88 per hour for each hour worked each week including overtime hours worked each week in excess of forty (40).

38.     Defendant did not pay Plaintiffs or the Collective Action Members premium pay of one and one-half (1½) times their regular rate of pay for any hours they worked in excess of forty (40) in a given work week.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
(Brought on Behalf of Plaintiffs and the Collective Action Members)

39.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

40.     At all relevant times, Defendant has been and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

42.    At all relevant times, Defendant has had gross revenues in excess of $500,000.

43.    Plaintiffs and the Collective Action Members were non-exempt employees under the FLSA.

44.    Defendant was required to pay Plaintiffs and the Collective Action Members no less than one and one-half (1½) times the regular rate at which they were paid for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45.    At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to non-exempt "Sales Associate" employees, including Plaintiffs and the Collective Action Members, for their hours worked in excess of forty (40) hours per workweek.

46.    At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to non-exempt "Store Manager" employees, including Avalos and Broseker and the Collective Action Members, for their hours worked in excess of forty (40) hours per workweek.

47.    At all relevant times, Defendant has had actual knowledge that the method and amount that it paid non-exempt "Sales Associate" employees, including Plaintiffs and the Collective Action Members, for their hours worked in excess of forty (40) hours per workweek was in direct violation of the FLSA.

48.    At all relevant times, Defendant has had actual knowledge that the method and amount that it paid non-exempt "Store Manager" employees, including Avalos and

Broseker and the Collective Action Members, for their hours worked in excess of forty (40) hours per workweek was in direct violation of the FLSA.

49.     Defendant has willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the Collective Action Members overtime wages.

50.     As a result of Defendant's violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in the same amounts, prejudgment interest, reasonable attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### MARYLAND WAGE & HOUR LAW – UNPAID OVERTIME

51.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

52.     Defendant is an "employer" within the meaning of the MWHL.  At all times relevant, Defendant employed Plaintiffs.

53.     Plaintiffs were non-exempt employees under the MWHL.

54.     Under § 3-415 and § 3-420 of the MWHL, Defendant was required to pay Plaintiffs one and one-half (1½) times their regular rate of pay for all hours they worked in excess of forty (40) in a given work week.

55.     Plaintiffs, while working for Defendant in the State of Maryland, regularly worked in excess of forty (40) hours in a given work week.

56.     Defendant failed to pay Plaintiffs the overtime wages to which they were entitled under the MWHL.

57.    Defendant has willfully violated the MWHL by knowingly and intentionally failing to pay Plaintiffs the correct amount of overtime wages.

58.    Due to Defendant's violations of the MWHL, Plaintiffs are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, respectfully requests this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members and tolling of the statute of limitations;

b.    An award of unpaid overtime compensation under the FLSA and MWHL;

c.    An award of liquidated damages as a result of Defendant's failure to pay overtime compensation under 29 U.S.C. § 216;

d.    An award of prejudgment interest;

e.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f.    Such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. 17291

_____
Jason D. Friedman, Bar No. 18898
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com
          jfriedman@zipinlaw.com

*Attorneys for Plaintiffs and the*
*Putative Collective Action Members*